UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                v.                                         :   **MEMORANDUM & ORDER**
                                                           :   18-CR-219 (WFK)
DARRELL SPRUILL,                                           :
                                                           :
                            Defendant.                     :
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 8, 2018, Darrell Spruill ("Defendant") pled guilty to Counts One and Two of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 57 months of incarceration, 2 years of supervised release (with special conditions), and a $200.00 mandatory special assessment.

## BACKGROUND

On April 26, 2018, the Government filed an Indictment charging Defendant with one count of Firearms Trafficking Conspiracy, in violation of 18 U.S.C. § 371, and one count of Firearms Trafficking, in violation of 18 U.S.C. § 922(a)(1). Indictment, ECF No. 1. On November 8, 2018, Defendant pled guilty to Counts One and Two of the Indictment pursuant to a plea agreement. *See* Plea Agreement, ECF No. 34.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court

chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

II. Analysis

   A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on June 2, 1994 in Brooklyn, New York, to the marital union of Darrell Yates and Ann Spruill. Presentence Investigation Report ("PSR") ¶ 35, ECF No. 44. His father was in jail at the time of his birth. *Id.* During the presentence interview, Defendant stated his parents lived together. Revised U.S. Probation Department Sentence Recommendation ("Revised Probation Mem.") at 2, ECF No. 51-1. To the contrary, Defendant's mother indicated Defendant's father has been relatively absent for most of Defendant's life. *Id.*

Defendant's father currently resides in Brooklyn, is unemployed, has unknown health problems, and receives Social Security disability benefits. PSR ¶ 36. Defendant noted that his father is an active crack cocaine user. PSR ¶ 37. Defendant has vivid memories of his father stealing "whatever he could get his hands on," including Defendant's belongings, to feed his father's drug habit. *Id.* Defendant noted he has forgiven his father and has attempted to help his father in recent years, trying to talk his father out of depression, helping him around the house, and taking him to medical appointments. *Id.*; Def. Sentencing Mem. ("Def. Mem.") at 3, ECF No. 60. Defendant's relationship with his father has become close over the years. PSR ¶ 37. His father is supportive of Defendant despite his conviction. *Id.*

Defendant's mother suffers from heart disease, is unemployed, and receives Social Security disability benefits. *Id.* ¶ 38. Defendant enjoys a close relationship with his mother. *Id.* She described him as a loving son who "got caught up in the wrong situation" and "has learned his lesson." *Id.* Defendant's mother is supportive of him despite his conviction. *Id.*

Defendant has two full siblings, both of whom are in good health: Danisha Yates and Davon Yates. *Id.* ¶ 39. Danisha Yates, age 28, resides in Brooklyn, is unemployed, and has a child. *Id.* Davon Yates, age 23, resides in Newark, New Jersey, is a package handler at United Parcel Service and has no children. *Id.* Defendant also has a maternal half-sibling, Crystal Spruill, who is in good health and resides in Brooklyn. Crystal Spruill is a counselor at a youth detention facility and has a child. *Id.* She describes Defendant as loving towards his family, whom Defendant describes as his "everything." Def. Mem. Ex. B. Crystal Spruill stated when Defendant was a baby, their mother fell ill and Crystal became Defendant's surrogate mother. *Id.* Defendant has close ties with all his siblings, and they continue to stand by him. PSR ¶ 39.

3

Defendant began dating Aaliyah Rogers in 2015 and the couple resides together in Brooklyn. *Id.* ¶ 40. Ms. Rogers is healthy and works as a manager at a supermarket. *Id.* Defendant states that she is supportive despite his arrest. *Id.* On January 1, 2020, Ms. Rogers gave birth to a baby girl. Def. Mem. at 1. Defendant states that he is intent on raising her has a good father. *Id.*

Defendant is a lifelong resident of New York. PSR ¶ 41. Defendant reports he does not have a history of serious medical problems. *Id.* ¶ 43. On March 12, 2019, while not complying with the terms of his bond release, Defendant was shot in the arm and injured. *Id.* ¶ 5. Defendant has a history of marijuana use but states he has been able to abstain from drugs on his own. *Id.* ¶¶ 45, 46. Defendant tested positive for illicit substances on the following dates: May 2, 2018, for marijuana; May 31, 2018, for marijuana and alcohol; and March 13, 2019, for alcohol, opiates, and oxycodone. *Id.* ¶ 46. The positive test results for narcotics on March 13, 2019 are perhaps the result of medication administered to Defendant when he was hospitalized for treatment of a gunshot wound. *Id.* Defendant tested negative for illicit substances on July 27, 2018, September 13, 2018, October 17, 2018, January 23, 2019, and January 30, 2019. *Id.*

Defendant is an associate of the Brooklyn-based Boss Family street gang which engages in various criminal activities, including narcotics and firearm trafficking. *Id.* ¶ 8. With respect to the underlying offense, between April 2017 and January 2018, Defendant illegally sold twenty-two firearms to undercover New York Police Department detectives. PSR ¶¶ 6, 7; Revised Probation Mem. at 2. Defendant obtained most of the firearms from co-conspirator Francis Whitmire. PSR ¶ 10. Two firearms were reported stolen. *Id.*; Revised Probation Mem. at 2. Defendant also sold ammunition, including large-capacity magazines. Revised Probation Mem. at 3. Defendant was arraigned on May 1, 2018. ECF No. 6. On November 8, 2018,

4

Defendant pled guilty to Counts One and Two: Conspiracy to Commit Firearm Trafficking and Firearms Trafficking in violation of 18 U.S.C. § 371 and 18 U.S.C. § 924(a)(1)(D). Plea Agreement, ECF No. 34. Defendant was granted bond release on May 2, 2018. ECF No. 6. Defendant violated his pretrial supervision on March 12, 2019, by staying out late to drink alcohol and socialize with friends. Revised Probation Mem. at 2. On this same night, while outside his apartment building, Defendant was shot by an unknown assailant. *Id.*

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Counts One and Two of the Indictment charging him with Firearms Trafficking Conspiracy and Firearms Trafficking, in violation 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1). Plea Agreement, ECF No. 34. By statute, Defendant faces a maximum term of imprisonment of five years on each count and a maximum term of supervised release of three

5

years to run concurrently. 18 U.S.C. §§ 371 and 924(a)(1)(D); 18 U.S.C. §§ 3583(a) and 3583(b)(2); 18.U.S.C. § 3624(e). Defendant also faces a maximum fine of $250,000.00, *id.* § 3571(b)(3); and a mandatory special assessment of $200.00, 18 U.S.C. § 3013. Defendant may be sentenced to a minimum probation of one year and a maximum probation of 5 years, to run concurrently. 18 U.S.C. § 3561(c)(1); 18 U.S.C. § 3564(b). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

All parties agree, for a violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1), the applicable Guideline, § 2K2.1(a)(4)(B)(i)(I), provide a base offense level of twenty (20). United States Sentencing Commission, Guidelines Manual ("USSG") § 2K2.1(a)(4)(B)(i)(I). Because the offense involved twenty-two (22) firearms, the offense level is increased by four (4) levels per USSG § 2K2.1(b)(1)(B), and because the defendant engaged in the trafficking of firearms, an additional four (4) levels are added per USSG § 2K2.1(b)(5).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. *Id.* § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. *Id.* § 3E1.1(b). All parties agree this calculation yields an offense level of 25. Second Addendum to the PSR ¶ 27, ECF No. 51; Def.

Objection to PSR at 1, ECF No. 46; Gov't Sentencing Mem. ("Gov't Mem.") at 4, ECF No. 61. Because Defendant has no prior convictions, Defendant's criminal history category is I.

A total offense level of 25 and a criminal history category of I yields a Guidelines term of imprisonment range of 57 to 71 months. USSG Ch. 5, Part A. The Guidelines further recommend a maximum term of supervised release of three years to run concurrently, *id.* §§ 3583(a) and 3583(b)(2), § 3624(e), and a fine of between $20,000.00 and $250,000.00, *id.* § 5E1.2(c)(3). The Guidelines advise Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 57 months on each count, to run concurrently, and 2 years Supervised Release, to run concurrently with special conditions. *See* Revised Probation Mem. at 1. The Government requests a sentence within the Guidelines. Gov't Mem. at 5. Defense counsel requests a probationary sentence, noting, among other things, Defendant's "history and characteristics" and low risk of recidivism, urging a non-incarceratory sentence.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 57 months of incarceration, 2 years of supervised release (with special conditions), and a $200.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2020
Brooklyn, New York